IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| NAIROBI D. STEPHENSON #R52760,<br><br>            Plaintiff,<br><br>      v.<br><br>CORRECTIONAL OFFICER MYRON NEISLER and DR. SALEH OBAISI,<br><br>            Defendants. | Case No. 10-cv-3025-SEM-BCG |

**PLAINTIFF'S MOTION TO ADOPT CERTAIN PROPOSED JURY INSTRUCTIONS**

Plaintiff Nairobi D. Stephenson respectfully moves this Court to adopt certain jury instructions reserved by the Court at the Second Final Pretrial Conference. These jury instructions, identified below, will aid the jury in understanding the legal standard applicable to this case. This Court has wide discretion in framing jury instructions so they are helpful to the jury. In support of this motion, Plaintiff states as follows:

**I.     This Court Should Use Plaintiff's Proposed Jury Instruction Number 21 for the Definition of Deliberate Indifference.**

Plaintiff respectfully moves this Court to adopt Plaintiff's proposed definition of deliberate indifference, which is almost identical to the Court's earlier November 9, 2012 instruction. ECF 87. Plaintiff's proposed instruction was modeled on the Seventh Circuit Pattern Instruction for that definition. *See* Federal Civil Jury Instructions of the Seventh Circuit, prepared by The Committee on Pattern Civil Jury Instructions of the Seventh Circuit (2009 rev.), 7.14 Eighth and Fourteenth Amendments: Conditions of Confinement/Failure to Protect/Failure to Provide Medical Care – Definition of "Deliberately Indifferent." Plaintiff's Proposed Jury Instruction Number 21 states:

> When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk of serious harm, and that Defendant consciously disregarded that risk by failing to take reasonable measures to deal with it.

Plaintiff urges this Court to adopt this definition.

The Court's April 22, 2013 Second Proposed Jury Instruction Number 21 is similar to Plaintiff's proposed instruction, but the Court's instruction omits the last ten words: "by failing to take reasonable measures to deal with it." ECF 126. The "reasonable measures" language should be included in the deliberate difference definition to follow the pattern instruction, the Court's First Proposed Jury Instruction Number 21, and United States Supreme Court and Seventh Circuit precedent.

The "reasonable measures" language should be included to aid the jury because this language explains what it means to "consciously disregard" a substantial risk of serious harm. The Supreme Court held that "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk *by failing to take reasonable measures* to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (emphasis added). The Seventh Circuit held that "[t]he Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials 'take reasonable measures to guarantee the safety of the inmates.'" *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (citing *Farmer*, 511 U.S. at 832); *see also Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (holding that the meaning of deliberate indifference is "that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it."). Together, these cases demonstrate the appropriateness of including the "reasonable measures" language in the jury instruction defining deliberate indifference.

At the Second Final Pretrial Conference on April 29, 2013, counsel for Defendant Obaisi introduced two proposed jury instructions defining deliberate indifference. Both instructions included phrases regarding "reasonable measures," which further supports including this language. Defendant Obaisi's Proposed Jury Instruction Number 2S defining deliberate indifference includes additional bracketed language from the pattern instruction. Defendant Obaisi's Proposed Jury Instruction Number 2S states:

> When I use the term 'deliberately indifferent' I mean the defendant under consideration actually knew of a substantial harm to plaintiff and conscientiously [sic] disregarded that risk. If defendant took reasonable measures to respond to a risk, then he was not deliberately indifferent even if plaintiff was ultimately harmed.

This instruction, however, omits the following non-bracketed language from the pattern instruction: "by failing to take reasonable measures to deal with it." Defendant Obaisi should not be able to insert bracketed language from the pattern instruction while ignoring non-bracketed language. Therefore, Defendant's Proposed Jury Instruction Number 2S should be rejected.

Defendant Obaisi's Proposed Jury Instruction Number 3S includes the non-bracketed language regarding failure to take reasonable measures. Defendant's Proposed Jury Instruction Number 3S states:

> When I use the term 'deliberately indifferent,' I mean that the defendant under consideration actually knew of a substantial risk of serious harm to plaintiff and conscientiously [sic] disregarded that risk by failing to take reasonable measures to deal with it. If defendant took reasonable measures to respond to a risk, then he was [sic] deliberately indifferent, even if plaintiff was ultimately harmed.

This further indicates that this failure to take reasonable measures language proposed by Plaintiff should be reinstated.

Counsel for Defendant Neisler argued at the Second Final Pretrial Conference that *Rosario v. Brawn* recently established that language about "reasonable measures" has no place in defining deliberate indifference. Counsel's argument misstates the Seventh Circuit's holding in

*Rosario*. The Seventh Circuit in *Rosario* held that the plaintiff's attempt to equate the deliberate indifference standard with negligence and to judge only the reasonableness of the officers' actions was misplaced because deliberate indifference requires more than negligence. *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). Plaintiff does not dispute that the deliberate indifference standard requires more than negligence; but that does not mean that the "reasonable measures" language is inappropriate in this jury instruction. Indeed, the Seventh Circuit also held in *Rosario* that "we require that prison officials *act reasonably* when presented with a detainee's substantial risk of harm." *Id.* (emphasis added). Therefore, *Rosario* does not establish that the "reasonable measures" language should be omitted from the jury instruction defining deliberate indifference in this case.

Plaintiff's proposed instruction regarding the definition of deliberate indifference, along with the Court's first definition, properly instructs the jury on the appropriate legal standard. Including the words "by failing to take reasonable measures to deal with it" qualifies *how* a defendant could consciously disregard a risk. This language aids the jury in determining whether the defendants' actions in this case rise to deliberate indifference. Accordingly, Plaintiff respectfully moves this Court to accept Plaintiff's proposed instruction regarding the definition of deliberate indifference and to reject both Defendant's Instructions Numbers 2S and 3S.

**II.    Plaintiff's Instruction Number 30 Aids the Jury in Understanding Deliberate Indifference.**

Plaintiff respectfully moves this Court to give Plaintiff's Proposed Jury Instruction Number 30. This Court has wide discretion in framing jury instructions. *See United States v. Anderson*, 739 F.2d 1254, 1258 n.6 (7th Cir. 1984) ("As is true in most jury instruction matters, the district courts retain broad discretion in framing jury instructions which will be most helpful

to juries in specific cases."). Plaintiff's Proposed Jury Instruction Number 30 would help jurors understand the complicated legal standard of deliberate indifference. It states the following:

> You may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. Plaintiff does not need to establish that prison officials intended or desired the harm that transpired.

The first sentence of Plaintiff's Proposed Jury Instruction Number 30 is supported by the United States Supreme Court's decision in *Farmer*. In that case, the Supreme Court held that "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

The second sentence is supported by Seventh Circuit law. *See, e.g. Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (holding that it is not necessary that a prisoner must establish "that officials intended or desired the harm that transpired."); *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996) ("[A] prisoner claiming deliberate indifference need not prove that the prison officials intended, hoped for, or desired the harm that transpired."). Additionally, the Supreme Court held in *Farmer* that deliberate indifference "entails something more than mere negligence" but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." 511 U.S. at 835.

In the *Rosario* case that Defendant Neisler cited at the Second Final Pretrial Conference, the Seventh Circuit indicated that intent is not required to prove deliberate indifference by recognizing that "'[t]he deliberate indifference standard requires more than a finding of negligence but *less than a showing of intentional harm*.'" *Rosario*, 670 F.3d at 821 (emphasis added) (internal citation omitted).[1]  Plaintiff's Proposed Jury Instruction Number 30 thus

---

[1] In that case, the pretrial detainee committed suicide and the decedent's father brought suit under 42 U.S.C. § 1983. The court held that "we have long required a dual showing in prison-suicide cases" that the plaintiff "must prove that the defendants '(1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded that risk.'

accurately instructs the jurors on the law. It also explains that the knowledge requirement may be met if the risk was obvious and that intent is not required. This instruction is an accurate statement of the law and should be given to aid the jury in their deliberations.

### III. Plaintiff's Proposed Jury Instruction Number 31 Should be Given.

Plaintiff respectfully moves this Court to give Plaintiff's Proposed Jury Instruction Number 31 because it will further aid the jury in understanding the deliberate indifference standard. Plaintiff's Proposed Jury Instruction Number 31 explains how deliberate indifference may be met in a failure to provide medical care case, which is especially relevant to this case:

> A delay in the provision of medical treatment for painful conditions, even non-life-threatening conditions, can support a deliberate indifference claim so long as the medical condition is sufficiently serious or painful.

A delay in medical treatment may constitute deliberate indifference. The Seventh Circuit held in *Grieveson* that "[a] delay in the provision of medical treatment for painful conditions-even non-life-threatening conditions-can support a deliberate indifference claim . . . so long as the medical condition is 'sufficiently serious or painful.'" *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008) (internal citations omitted). This instruction properly instructs the jury on what can establish deliberate indifference.

At the Second Final Pretrial Conference, counsel for Defendant Neisler argued, citing *Langston v. Peters*, 100 F.3d 1235 (7th Cir. 1996), that any delay rising to the level of deliberate indifference must help cause the injury and, consequently, any jury instruction regarding a delay in this case is inappropriate. Nothing in Plaintiff's Proposed Jury Instruction Number 31, however, suggests the delay does not need to be sufficiently serious or painful. Nothing in

---

(citations omitted)." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). This Court should not expand this dual showing beyond prison-suicide cases.

Plaintiff's Proposed Jury Instruction Number 31 suggests medical evidence is not needed. Therefore, Plaintiff's Proposed Jury Instruction Number 31 encompasses *Langston*.

In *Langston*, the Court held that an inmate complaining that "'delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed.'" *Langston*, 100 F.3d at 1240–41 (internal citation omitted). In applying that rule to the facts in that case, the Seventh Circuit held that the plaintiff "failed to present any evidence of a detrimental effect caused by [the delay]." *Id.* at 1241. Here, Plaintiff underwent pain and suffering for more than two years until he received surgery. At trial, Plaintiff will introduce medical records verifying Plaintiff's reported pain to Dr. Obaisi and Plaintiff will testify as to that pain and suffering. Additionally, Plaintiff's expert Dr. Raymond Vance will testify as to his continual pain and suffering and that Dr. Obaisi should have offered Plaintiff surgery approximately two years before he did so. Therefore, Plaintiff will establish a detrimental effect of the delay in being sent out for surgery and this jury instruction is appropriate.

**IV.    Defendant's Proposed Jury Instruction Number 1S Should Be Rejected.**

This Court should reject Defendant's Proposed Jury Instruction Number 1S, which states:

> Neither medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference in violation of the Eighth Amendment.

This jury instruction attempts to elaborate on the deliberate indifference standard but would confuse a jury. First, the instruction states that "medical malpractice" is not enough to prove deliberate indifference. Medical malpractice, however, is not defined anywhere in the instructions and introduces a new legal concept that will only confuse the jury. Secondly, the Court's Statement of the Law (Court's Second Proposed Jury Instruction Number 16) already instructs the jury that the Eighth Amendment protects prisoners from deliberate indifference.

ECF 126.  Nowhere, however, is the Eighth Amendment referred to again and reintroducing it in this instruction will confuse the jury and could potentially prove prejudicial to Plaintiff if jurors believe this creates a higher burden of proof.

WHEREFORE, the Plaintiff, Nairobi D. Stephenson, respectfully requests that the Court adopt Plaintiff's Proposed Jury Instructions Numbers 21, 30, and 31 and reject Defendant's proposed jury instructions.

Dated: May 6, 2013                                         Respectfully submitted,

/s/ Stephen S. Brokaw
Stephen S. Brokaw (#6308649)
Matthew C. Crowl (#6201018)
Brooke M. Schaefer (#6300773)
SCHIFF HARDIN LLP
233 S. Wacker Drive – Suite 6600
Chicago, IL  60606
Phone:  (312) 258-5619
Fax:  (312) 258-5600
Email: sbrokaw@schiffhardin.com
mcrowl@schiffhardin.com
bschaefer@schiffhardin.com

**PROOF OF SERVICE**

      I hereby certify that on May 6, 2013, I electronically filed the foregoing PLAINTIFF'S MOTION TO ADOPT CERTAIN PROPOSED JURY INSTRUCTIONS with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Lisa A. Cook:  lcook@atg.state.il.us

    Robert Fanning:  RFanning@atg.state.il.us

    Michael Kokal:  mkokal@heylroyster.com


                                            /s/ Stephen S. Brokaw
                                              Stephen S. Brokaw

42558-0000
CH2\12900761.9