IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| NAIROBI STEPHENSON, ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 10-cv-3025 |
| ) | |
| DR. OBAISI AND MYRON ) | |
| NEISLER, ) | |
| ) | |
| Defendant, ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

A hearing was held on May 17, 2013, during which the Court ruled on pending motions. This order memorializes those rulings and sets forth additional information for the trial.

IT IS ORDERED:

1) Dr. Obaisi's motion in limine #132 is granted in part and denied in part. The motion is denied with regard to Dr. Vance's opinions. Dr. Vance agrees that he cannot testify to the ultimate conclusion that Dr. Obaisi was deliberately indifferent. However, Dr. Vance has adequately disclosed his opinion that, essentially, Dr.

Obaisi persisted in pursuing ineffective treatment causing plaintiff years of prolonged and unnecessary pain.

The motion is granted with respect to Dr. Obaisi's request to exclude the fact that Dr. Vance is offering his services to Plaintiff pro bono.

2) Dr. Obaisi's motion in limine with regard to his background is denied (d/e 134). The Court does not see anything prejudicial about the fact that some of Dr. Obaisi's training occurred in Syria.

3) Dr. Obaisi's unopposed motion to exclude the fact that Lincoln Correctional Center is a minimum security facility is granted (d/e 135).

4) Defendant Neisler's motion to exclude his employment disciplinary history and traffic/criminal history is granted in part and reserved in part (d/e 139). Plaintiff agrees not to introduce Neisler's driving record, criminal history, or discipline for the collision. The motion is granted as to those three items. A ruling on the motion is reserved with regard to Neisler's discipline for impeding an internal investigation until the Illinois Department of Corrections has produced those documents to Plaintiff. The Court has ordered that production in a separate order.

5) Defendant Neisler's motion to exclude Dr. Vance from testifying to the cause of Plaintiff's injury is denied (d/e 141). Dr. Vance opines in his report that "It is my expert opinion that as a result of a motor vehicular collision the patient developed symptoms in his low back and left lower extremity, which were the product of a discogenic disease of his spine, a herniated disc at the L4-5 level." Dr. Vance elaborated in his deposition that the collision "resulted in some minor injury to his neck, which was not the source for the need for care, and a significant injury to his lumbar spine, which aggravated or gave rise to discogenic disease in his spine."

Dr. Vance's conclusion that the collision caused or aggravated Plaintiff's medical condition is properly based on Plaintiff's medical records and tests as well Plaintiff's subjective complaints of pain and difficulty functioning following the collision which are memorialized in the documents reviewed by Dr. Vance. Plaintiff's subjective complaints are proper facts upon which Dr. Vance can rely. Defendants can bring out on cross-examination the weaknesses in Dr. Vance's conclusions.

6) Plaintiff's motion to exclude Dr. Hauter from testifying that Dr. Obaisi was not deliberately indifferent is granted (d/e 143). Dr.

Hauter cannot testify to the ultimate conclusion regarding whether Plaintiff proved his claim. However, Dr. Hauter can testify to the appropriateness of Dr. Obaisi's treatment approach and Dr. Hauter can explain why he disagrees with Dr. Vance's opinions.

7) Plaintiff's motion to exclude evidence of Dr. Vance's finances is granted (d/e 144) because the pro bono nature of Dr. Vance's services will not be introduced at trial.

8) Plaintiff's motion to exclude "investigative materials in relation to Plaintiff's grievances" is granted in part and denied in part (d/e 145). The Court does not view the administrative responses to Plaintiff's grievances as prejudicial to Plaintiff. This motion is granted to the extent Plaintiff asks to redact the reference to "sex offender registry required" on Dr. Obaisi's exhibit 2 (d/e 145-1, p. 3).

9) Plaintiff's motion to exclude his armed robbery conviction is granted in part (d/e 147). The fact that Plaintiff has been convicted of a felony will be admitted, but no further details will be admitted unless the door is opened by Plaintiff.

10) The Court reserves a ruling on Dr. Obaisi's motion to quash Plaintiff's subpoena to Wexford for grievances filed against Dr. Obaisi and Dr. Obaisi's personnel file (d/e 148). A separate order has

entered directing Dr. Obaisi to review Dr. Obaisi's personnel record and determine if it contains any of the requested documents.

11)  Dr. Obaisi's motion in limine #151 is granted in part and denied in part (d/e 151).  The motion is granted as to compensation by insurance companies.  The motion is denied as to the "personal practices of physicians in treating patients."

12)  Plaintiff's motion to adopt jury instructions is denied (d/e 138).  Further, the proposed jury instructions on which the Court reserved ruling from the last final pretrial conference are refused.  The Court will give its own instructions on the definition of deliberate indifference.  The Court's third version of jury instructions is attached to this order and includes revised definitions of deliberate indifference, which was again revised after the hearing in response to objections.

The Court disagrees with Defendants that the Seventh Circuit has jettisoned the idea that "reasonable measures" must be taken in response to a substantial risk of serious harm.  Rosario v. Brawn, 670 F.3d 816 (7th Cir. 2012) dealt with whether officers were deliberately indifferent to a detainee's suicide risk.  In affirming summary judgment for the officers, the Seventh Circuit noted that "[a]lthough

we require that prison officials act reasonably when presented with a detainee's substantial risk of harm, . . . , we do not assess the officers' actions according to a mere negligence standard." 670 F.3d at 821. Rosario stands for the proposition that assessing whether prison officials acted reasonably in the deliberate indifference context is not defined by a negligence standard. Rosario confirms that "we require that prison officials act reasonably when presented . . . with a detainee's substantial risk of serious harm." *See also* Arnett v. Webster, 658 F.3d 742, (7th Cir. 2011)("Although an inmate is not entitled to demand specific care and is not entitled to the best care possible, he is entitled to reasonable measures to meet a substantial risk of harm.").

    However, the Court agrees with Dr. Obaisi that in the context of this case the pattern instruction defining deliberate indifference should include an instruction that negligence is not deliberate indifference. The Court also agrees with Plaintiff that the jury should be clearly instructed that ineffective and unjustified treatment decisions which cause prolonged and unnecessary pain can amount to deliberate indifference. In response to the IDOC objection to the Court's revised definition, the Court has separated out the deliberate

indifference instructions for Defendants Neisler and Dr. Obaisi to avoid juror confusion.

Before voir dire begins, the Court will read the statement of the case.  After the jury has been selected and before opening statements, the Court will read instructions on the law, elements of the claims, definitions of deliberate indifference (## 16, 17, 18, 20, 21, 21a), and the Court's standard instructions on prohibitions on communications and submitting written questions.

13)  The Clerk is directed to affix the Court's electronic signature to the proposed final pretrial order (d/e 127) and to redocket # 127 as the amended final pretrial order, which replaces # 102.

14)  In addition to the third draft of jury instructions, a third version of voir dire questions is attached, incorporating Plaintiff's voir dire questions which have been approved by the Court.

ENTER:  May 20, 2013
FOR THE COURT:

s/Sue E. Myerscough<br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE