**E-FILED**
Friday, 24 May, 2013  04:04:56 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NAIROBI D. STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-CV-3025 |
| | ) | |
| MYRON NEISLER and | ) | |
| SALEH OBAISI, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## JURY INSTRUCTIONS

[rest of page left intentionally blank]

1

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.   Now I will instruct you on the law.   The law applicable to this case is contained in these instructions, and it is your duty to follow them.   You must consider these instructions as a whole, not picking out one instruction and disregarding others.

You must not question any rule of law stated by me in these instructions.   Regardless of any opinion you may have as to what the law ought to be, you must base your verdict upon the law given by me.

It is your duty to determine the facts and to determine them from the evidence produced in open court.   You are to apply the law to the facts and in this way decide the case.   Your verdict must be based on evidence and not upon speculation, guess or conjecture.

The production of evidence in open court is governed by rules of law. From time to time it has been my duty as judge to rule on the admissibility of evidence.   You must not concern yourselves with the reasons for these rulings.

The evidence consists of the testimony of the witnesses and the

exhibits received in evidence and stipulated facts.   You should use common sense in weighing the evidence and consider the evidence in the light of your own observations in life.   In our lives, we often look at one fact and conclude from it that another fact exists.   In law we call this drawing an "inference." You may draw such reasonable inferences as you believe to be justified from the evidence.

You are to consider only the evidence received in this case. Whenever evidence was received for a limited purpose it should be considered by you for that purpose and for no other purpose.

You are to disregard any evidence to which I have sustained an objection or which I ordered stricken.   Anything you may have seen or heard about the case outside the courtroom is not evidence and must be entirely disregarded.   You should not be influenced by sympathy, prejudice, fear, or public opinion.   Similarly, you should not be influenced by any person's race, color, religion, national ancestry or gender. You are impartial judges of the facts.

Arguments, statements, and remarks of counsel are intended to help

you in understanding the evidence and applying the law but are not evidence.   If any argument, statement, or remark has no basis in the evidence, then you should disregard that argument, statement, or remark. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection.

Neither by these instructions nor by any ruling, remark, or question which I have made or asked do I or have I meant to indicate any opinion as to the facts or what the outcome of the case should be.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.   You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witnesses's intelligence;

-the manner of the witness while testifying;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.   You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side of an issue has greater weight than that of a larger number on the other side of that issue.   In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

There are two types of evidence:   direct and circumstantial.   Direct evidence is the testimony of a person who claims to have personal knowledge of the occurrences which are the subject of the case, such as an eye witness.   Circumstantial evidence is the proof of a chain of facts and circumstances which tend to show the existence of other relevant facts sought to be proved.

For instance, an example of direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."   Circumstantial evidence that it is raining is someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given either direct or circumstantial evidence.   All of the evidence in the case, including the circumstantial evidence, should be considered by you in arriving at your verdict.   You decide how much weight to give to any evidence.

At all times relevant to this case, Plaintiff was and remains incarcerated in the Illinois Department of Corrections.   All parties are equal before the law.   A prisoner is entitled to the same fair consideration that you would give any individual person.

In determining whether any proposition or fact has been proved, you should consider all of the evidence bearing on the question without regard to which party produced it.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.   Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

During the trial, certain testimony was presented to you by video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

You have heard evidence that Plaintiff has been convicted of a crime. You may consider this evidence only in deciding whether Plaintiff is truthful in whole, in part, or not at all.   You may not consider this evidence for any other purpose.

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement or acted in a manner inconsistent with the testimony of the witness in this case on a matter material to the issues.   Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

You must give separate consideration to each claim and each party in this case.   Although there are two defendants, it does not follow that if one is liable, the other is also liable.

The defendants in this case are being sued as individuals for their alleged personal acts.   Neither the State of Illinois nor the Illinois Department of Corrections are parties to this lawsuit.

Plaintiff must prove by a preponderance of the evidence that the defendant under consideration was personally involved in the conduct that Plaintiff complains about.   You may not hold a defendant liable for what other employees did or did not do.

When I say that a party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff was incarcerated in Logan Correctional Center during the times relevant to this case.   Plaintiff claims that Defendant Myron Neisler, a correctional officer, was deliberately indifferent to Plaintiff's safety by refusing to properly secure Plaintiff in a transport vehicle and then driving dangerously, causing the vehicle to strike a pole and injuring Plaintiff.   Further, Plaintiff claims that Defendant Dr. Saleh Obaisi, a physician working at Logan Correctional Center, was deliberately indifferent to Plaintiff's serious medical needs by not promptly and effectively treating Plaintiff's pain and injuries caused by the accident.

Defendants deny Plaintiff's claims and deny that Plaintiff suffered damages.

The Eighth Amendment to the United States Constitution protects a prisoner from deliberate indifference to his safety or serious medical needs. To secure this right, the Congress has enacted a statute that says no person acting under color of state law shall deprive another person of his constitutional rights.   A person who violated the statute may be required to pay money damages to the person whose rights have been violated.   It is undisputed that all of the Defendants acted under color of state law for purposes of this case.

To succeed on his claim of failure to protect against Defendant Myron Neisler, Plaintiff must prove each of the following things by a preponderance of evidence:

1.    Defendant Neisler's actions created a substantial risk of serious harm to Plaintiff;

2.    Defendant Neisler was deliberately indifferent to the substantial risk of serious harm to Plaintiff; and,

3.    As a result of Defendant Neisler's conduct, Plaintiff was harmed.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff and go on to consider the question of damages against Defendant Neisler.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Neisler, and you will not consider the question of damages against Defendant Neisler.

To succeed on his claim of failure to provide medical attention against Defendant Dr. Saleh Obaisi, Plaintiff must prove each of the following things by a preponderance of evidence:

1.    Plaintiff had a serious medical need;

2.    Defendant Dr. Obaisi was deliberately indifferent to Plaintiff's serious medical need; and,

3.    Dr. Obaisi's conduct caused harm to Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff and go on to consider the question of damages against Dr. Obaisi.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find for Defendant Dr. Obaisi, and you will not consider the question of damages against Dr. Obaisi.

When I use the term "serious medical need," I mean a condition that a doctor says requires treatment, or something so obvious that even someone who is not a doctor would recognize it as requiring treatment.   In deciding whether a medical need is serious, you should consider the following factors:

—the severity of the condition;

—the harm, including pain and suffering, that could result from a lack of medical care;

—whether providing treatment was feasible; and,

—the actual harm caused by the lack of medical care.

With regard to Plaintiff's claim against Defendant Neisler, when I use the term "deliberately indifferent," I mean that Defendant Neisler actually knew of a substantial risk of serious harm to Plaintiff and consciously disregarded that risk by failing to take reasonable measures to deal with it.   Negligence or carelessness does not amount to deliberate indifference.

With regard to Plaintiff's claim against Defendant Dr. Obaisi, when I use the term "deliberately indifferent," I mean that Dr. Obaisi actually knew that Plaintiff had a serious medical need and consciously disregarded that need by failing to take reasonable measures to deal with it.

A significant and unjustified delay in providing effective treatment for a sufficiently painful medical condition may amount to deliberate indifference if the delay caused Plaintiff prolonged and unnecessary pain.

Negligence or carelessness does not amount to deliberate indifference.   In the context of a claim for deliberate indifference to a serious medical need, deliberate indifference arises when a doctor's decision is such a substantial departure from accepted professional judgment, practice, or standards that the decision is not based on professional judgment.

You have heard witnesses give opinions about matters requiring special knowledge or skill.   You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it.   Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

If you find in favor of Plaintiff against a Defendant under consideration, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of that Defendant's actions.   These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money.   Compensatory damages include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical, mental, and emotional pain and suffering and disability that Plaintiff has experienced.   No evidence of the dollar value for these types compensatory damages needs to be introduced.   There is no exact standard for setting the damages to be awarded on account of pain and suffering.   You are to determine an amount that will fairly

compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that the plaintiff has failed to prove compensatory damage against a defendant under consideration, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

If you find for Plaintiff, you may, but are not required to, assess punitive damages against a Defendant under consideration.   The purposes of punitive damages are to punish a Defendant for his or her conduct and to serve as an example or warning to that Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a Defendant under consideration.   You may assess punitive damages only if you find that the Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights.   Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff.   Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.   Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy

toward either party.   In determining the amount of punitive damages, you should consider the following factors:

-the reprehensibility of Defendant's conduct;

-the impact of Defendant's conduct on Plaintiff;

-the relationship between Plaintiff and Defendant;

-the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

-the relationship of any award of punitive damages to the amount of actual harm Plaintiff suffered.

Any notes you have taken during this trial are only aids to your memory.   The notes are not evidence.   If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.   Notes are not entitled to any greater weight then the recollections or impressions of each juror about the testimony.

I do not anticipate that you will need to communicate with me during your deliberations.   If you do need to communicate with me, the only proper way is in writing.   The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.   The writing should be given to the marshal, who will give it to me.   I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

During your deliberations, you must not communicate with or provide information to anyone by any means about this case.   You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Your agreement upon a verdict must be unanimous.   Your verdict must be in writing and signed by each of you, including the presiding juror.

Two separate verdict forms have been prepared, one for each Defendant. When you have reached unanimous agreement on the claims against a Defendant, your presiding juror will fill in, date, and sign the form for that Defendant, and all of you will sign the form.   When you have filled out, dated and signed a verdict form for each Defendant, the presiding juror should inform the marshal that deliberations are complete. The forms of verdict which you will receive read as follows: