E-FILED
Friday, 24 May, 2013  04:27:33 PM
Clerk, U.S. District Court, ILCD

Neither medical malpractice nor mere disagreement with a doctor's medical judgment is enough to prove deliberate indifference in violation of the Eighth Amendment.



Defendant's Instruction No. 1S
*See Estelle v. Gamble*, 429 U.S. 97, 104, 105 (1976);  *Estate of Cole v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996)
Withdrawn _____ Given _____ Given as Modified _____ Refused _____

When I use the term "deliberately indifferent" I mean the defendant under consideration actually knew of a substantial harm to plaintiff and conscientiously disregarded the risk.

If defendant took reasonable measures to respond to a risk, then he was not deliberately indifferent even if plaintiff was ultimately harmed.

Defendant's Instruction No. 2S
7th Cir. Pattern Instruction 7.14 modified
Withdrawn _____ Given _____ Given as Modified _____ Refused _____

When I use the term "deliberately indifferent," I mean that the defendant under consideration actually knew of a substantial risk of serious harm to plaintiff and conscientiously disregarded the risk by failing to take reasonable measure to deal with it.

If defendant took reasonable measures to respond to a risk, then he was deliberately indifferent, even if plaintiff was ultimately harmed.

Defendant's Instruction No. 3S
Withdrawn _____ Given _____ Given as Modified _____ Refused _____ ✓

Plaintiff's # 31:  Delay in Medical Treatment May Support Deliberate Indifference

A delay in the provision of medical treatment for painful conditions, even non-life-threatening conditions, can support a deliberate indifference claim so long as the medical condition is sufficiently serious or painful.

Authority:  *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

Submitted by:  Plaintiff

No objection: _____

Objection by: _____

Objection sustained: _____

Objection overruled: _____

Plaintiff's # 30:  Subjective Component of Deliberate Indifference to a Serious Medical Need

You may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.  Plaintiff does not need to establish that prison officials intended or desired the harm that transpired.

Authority:  *Farmer v. Brennan,* 511 U.S. 825, 842 (1994) ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (deliberate indifference "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (holding that it is not necessary that a prisoner must establish "that officials intended or desired the harm that transpired."); *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996) ("[A] prisoner claiming deliberate indifference need not prove that the prison officials intended, hoped for, or desired the harm that transpired.").

*reserve,*

Submitted by:  <u>Plaintiff</u>

No objection:  _____

Objection by:  _____

Objection sustained:  _____

Objection overruled:  _____

Instruction # 21:  Definition of Deliberate Indifference

When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk of serious harm, and that Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it.

Authority:  Federal Civil Jury Instructions of the Seventh Circuit, prepared by The Committee on Pattern Civil Jury Instructions of the Seventh Circuit (2009 rev.), 7.14 Eighth and Fourteenth Amendments: Conditions of Confinement/Failure to Protect/Failure to Provide Medical Care – Definition of "Deliberately Indifferent."

*See also Farmer v. Brennan*, 511 U.S. 825, 847 (1994) (holding "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk *by failing to take reasonable measures* to abate it.") (emphasis added); *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) ("The Eight Amendment's prohibition against cruel and unusual punishment requires that prison officials 'take reasonable measures to guarantee the safety of the inmates.'" (internal citations omitted)); *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) ("'Deliberate indifference,' in turn, means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." (internal citations omitted)).

Submitted by:  Plaintiff _____

No objection: _____

Objection by: _____

Objection sustained: _____

Objection overruled: _____

*reserve*

A medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances.

Dr. O's add'tl ?

refused

Defendant's Instruction No. _____
*Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)
Withdrawn _____ Given _____ Given as Modified _____ Refused _____

A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

Dr O's motion

refused

Defendant's Instruction No. _____
*Johnson v. Doughty*, 433 F.3d 1001 (7th Cir. 2006); *Snipes v. DeTalla*, 95 F.3d 586, 592 (7th Cir. 1996).
Withdrawn _____ Given _____ Given as Modified _____ Refused _____

A physician's exercise of his professional judgment does not constitute deliberate indifference.

*Dr D's added + 3,*

*refused -*

Defendant's Instruction No. _____
*Youngberg v. Romeo*, 457 U.S. 307, 322-323 (1982).
Withdrawn _____ Given _____ Given as Modified _____ Refused _____

## VERDICT FORM A

We, the jury, find the following:

Was Dr. Obaisi deliberately indifferent to a serious medical need of the Plaintiff?

Yes _____    No _____

If yes:

We assess the Plaintiff's actual or compensatory damages with respect to the claims of deliberate indifference to a serious medical need in the sum of $_____.

_____
Foreperson

_____

_____

_____

_____

_____

_____

Defendant's Instruction No. _____
I.P.I. B45.03.A (modified)
Withdrawn _____ Given _____ Given as Modified _____ Refused _____

VERDICT FORM B

We, the jury, find for Defendant, Saleh Obaisi, M.D., and against Plaintiff, Nairobi Stephenson.

_____
Foreperson

_____

_____

_____

_____

_____

_____

_____

Defendant's Instruction No. _____
I.P.I. B45.03.B
Withdrawn _____ Given _____ Given as Modified _____ Refused_____

Plaintiff's # 30:  Subjective Component of Deliberate Indifference to a Serious Medical Need

You may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.  Plaintiff does not need to establish that prison officials intended or desired the harm that transpired.

Authority:  *Farmer v. Brennan,* 511 U.S. 825, 842 (1994) ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."); *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (deliberate indifference "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (holding that it is not necessary that a prisoner must establish "that officials intended or desired the harm that transpired."); *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996) ("[A] prisoner claiming deliberate indifference need not prove that the prison officials intended, hoped for, or desired the harm that transpired.").

refused

Submitted by:  Plaintiff_____

No objection:  _____

Objection by:  _____

Objection sustained:  _____

Objection overruled:  _____

Plaintiff's # 29:  Indications of a Serious Medical Need

The presence of a medical condition that significantly affects an individual's daily activities or the existence of chronic and substantial pain are indications that a prisoner has a serious medical need.

Authority:  *Hayes v. Snyder*, 546 F.3d 516, 522–23 (7th Cir. 2008) ("[W]e noted, with approval, that other courts had found the following circumstances to be indications that a prisoner has a serious medical need: 'The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (internal citations omitted))).

*refused*

Submitted by: Plaintiff_____

No objection: _____

Objection by: _____

Objection sustained: _____

Objection overruled: _____

The plaintiff's complaint consists of three counts.  The issues to be decided by you under Count 1 of the complaint are as follows:

The plaintiff claims he was injured and sustained damage and that defendant Neisler violated plaintiff's rights under the Eighth Amendment of the Constitution of the United States to be free from cruel and unusual punishment by acting with deliberate indifference to plaintiff's safety in the following respect:

> By refusing to buckle plaintiff into the van with a seatbelt despite defendant Neisler's actual knowledge that plaintiff faced a substantial risk of serious harm and by driving in a manner which defendant Neisler know would create a substantial risk of serious harm to the plaintiff.

The plaintiff further claims that one or both of the foregoing were a proximate cause of his injuries.

Defendant Neisler denies that he was deliberately indifferent to plaintiff's safety.

Turning now to Count 2 of the complaint, the issues to be decided by you under that Count are as follows:

The plaintiff claims he was injured and sustained damage and that defendant Clevenger violated the plaintiff's right under the Eighth Amendment to the Constitution of the United States to be free from cruel and unusual punishment by acting with deliberate indifference to plaintiff's serious medical needs in the following respect:

> By instructing an officer to ask plaintiff to leave the health care unit on March 27, 2009, and submit a sick call request despite actual knowledge that plaintiff faced a substantial risk of serious harm if plaintiff was not afforded prompt medical care.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

Defendant Clevenger denies acting with deliberate indifference to plaintiff's serious medical needs by refusing to obtain medical treatment for plaintiff on March 27, 2009.

Defendants Clevenger further denies that plaintiff was injured or sustained damages as a result of his conduct.

Turning now to Count 3 of the complaint, the issues to be decided by you under that Count are as follows:

The plaintiff claims he was injured and sustained damage and that defendant Obaisi violated the plaintiff's right under the Eighth Amendment to the Constitution of the United States to be free from cruel and unusual punishment by acting with deliberate indifference to plaintiff's serious medical needs in the following respect:

> By failing to respond to plaintiff's back pain with necessary treatment despite actual knowledge that plaintiff faced a substantial risk of serious harm.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

Defendant Obaisi denies acting with deliberate indifference to plaintiff's serious medical needs.

Defendants Obaisi further denies that plaintiff was injured or sustained damages as a result of his conduct.

*I POC*

Defendants' No. 5
I.P.I. No. 20.01 (modified), 20.01.01 (modified)

|  | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | ___✓___ |
| Withdrawn | _____ |

To succeed on his claims in Count 1, plaintiff must prove each of the following things by a preponderance of the evidence:

First, that defendant Neisler intentionally acted in the manner claimed by plaintiff as stated to you in these instructions;

Second, that defendant Neisler knew that his conduct created a substantial risk of serious harm to the plaintiff;

Third, that in acting in the manner claimed by the plaintiff, defendant Neisler was deliberately indifferent to plaintiff's safety as that term is defined in these instructions; and

Fourth, that plaintiff suffered serious harm because of defendant Neisler's driving.

If you find that plaintiff has proved each of these things by a preponderance of the evidence, then you should find for plaintiff and against defendant Neisler, and go on to consider the question of damages.

If, on the other hand, you find that plaintiff has failed to prove any one of these things by a preponderance of the evidence as to defendant Neisler, then you should find for the defendant, and you will not consider the question of damages as to defendant Neisler.

IDOC

Defendants' No. 6
7th Cir. P. I. 7.11 (modified)
*Brown v. Fortner,* 518 F.3d 552 (8th Cir. 2008)
*Farmer v. Brennan*, 511 U.S. 825 (1994)
*Duane v. Lane,* 959 F.2d 673, 676, (7th Cir. 1992)

| | |
|---|---|
| Given | _____ |
| Given as Modified | _____ |
| Refused | ✓_____ |
| Withdrawn | _____ |

To succeed on his claims in Count 2, plaintiff must prove each of the following things by a preponderance of the evidence:

First, that the plaintiff had a serious medical need which required prompt medical attention;

Second, that defendant Clevenger had actual knowledge that the plaintiff suffered from a serious medical need and that the failure to obtain prompt medical care was likely to cause serious injury to plaintiff;

Third, that defendant Clevenger refused to obtain necessary medical care for the plaintiff;

Fourth, that defendant Clevenger's refusal to obtain medical care amounted to deliberate indifference to plaintiff's serious medical need, as those terms are defined in these instructions; and

Fifth, that plaintiff suffered serious injury because defendant Clevenger was deliberately indifferent to plaintiff's serious medical need.

If you find that plaintiff has proved each of these things by a preponderance of the evidence as to defendant Clevenger, then you should find for plaintiff and against the defendant, and go on to consider the question of damages.

If on the other hand, you find that plaintiff has failed to prove any one of these things by a preponderance of the evidence as to defendant Clevenger, then you should find for the defendant, and you will not consider the question of damages as to defendant Clevenger.

Defendants' No. 7
7th Cir. P. I. 7.12 (modified)
*Farmer v. Brennan*, 511 U.S. 825 (1994)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

To succeed on his claims in Count 3, plaintiff must prove each of the following things by a preponderance of the evidence:

First, that the plaintiff had a serious medical need;

Second, that defendant Obaisi had actual knowledge that the plaintiff suffered from a serious medical need requiring additional treatment and that the failure to provide additional treatment was likely to cause serious injury to plaintiff;

Third, that defendant Obaisi refused or delayed necessary medical care to the plaintiff;

Fourth, that defendant Obaisi's refusal to obtain necessary medical care amounted to deliberate indifference to plaintiff's serious medical need, as those terms are defined in these instructions; and

Fifth, that plaintiff suffered serious injury because defendant Obaisi was deliberately indifferent to plaintiff's serious medical need.

If you find that plaintiff has proved each of these things by a preponderance of the evidence as to defendant Obaisi, then you should find for plaintiff and against the defendant, and go on to consider the question of damages.

If on the other hand, you find that plaintiff has failed to prove any one of these things by a preponderance of the evidence as to defendant Obaisi, then you should find for the defendant, and you will not consider the question of damages as to defendant Obaisi.

IDOC

Defendants' No. 8
7th Cir. P. I. 7.12 (modified)
*Farmer v. Brennan*, 511 U.S. 825 (1994)

Given _____
Given as Modified _____
Refused ___✓___
Withdrawn _____

Deliberate indifference to a significant threat to an inmate's serious medical needs or safety by prison officials may constitute punishment prohibited by the Eighth Amendment to the Constitution of the United States.  When I use the term "deliberate indifference," I mean that a prison official had actual knowledge of a strong likelihood of serious harm to an inmate and consciously and culpably disregarded the excessive risk to the inmate's health or safety needs.  To be held liable, a defendant must know that he is creating a substantial risk of serious bodily harm.  The plaintiff has the burden of establishing both that the officer was aware of the facts from which the inference of a serious threat to plaintiff's health could be drawn, and that the officer did, in fact, draw this inference.  Negligence, or even gross negligence, on the part of a prison official is not a constitutional violation.

A "serious medical need" is a condition in which the denial of prompt medical care is sufficiently serious or painful that the refusal to provide treatment constitutes the denial of the minimal civilized measure of life's necessities.

*IDOC*

Defendants' No. 9
*Farmer v. Brennan*, 511 U.S. 825 (1994)
*Billman v. Indiana Dept. of Corrections*, 56 F.3d 785 (7th Cir. 1995)
*Miller v. Neathery*, 52 F.3d 634 (7th Cir. 1995)
*Zarnes v. Rhodes*, 64 F.3d 285 (7th Cir. 1995)
*Hudson v. McMillian*, 503 U.S. 1, 9 (1992)                                    Given _____
*Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)        Given as Modified _____
*Gutierrez v. Peters*, 11 F. 3d 1354,1372 (7th Cir. 1997)              Refused ____✓____
                                                                            Withdrawn _____

If you find for plaintiff, you may, but are not required to, assess punitive damages against the defendant.  The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant.  You may assess punitive damages only if you find that his conduct was in reckless disregard of plaintiff's rights.  An action is in reckless disregard of plaintiff's rights if taken with knowledge that it may violate the law.

Plaintiff must prove by a preponderance of the evidence that defendant acted in reckless disregard of plaintiff's rights as defined in these instructions.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party.  In determining the amount of any punitive damages, you should consider the following facts:

- the reprehensibility of defendant's conduct;

- the impact of defendant's conduct on plaintiff;

- the relationship between plaintiff and defendant;

- the likelihood that defendant would repeat the conduct if an award of punitive damages is not made;

-      the relationship of any award of punitive damages to the amount of actual

        harm the plaintiff suffered.

*I DOC*

Defendants' No. 17
7th Cir. P. I. 3.13 (modified)

Given _____
Given as Modified _____
Refused ✓_____
Withdrawn _____

When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk of serious harm and that Defendant consciously disregarded this risk.

*Dr. O basis?*   *15?*

Defendant's Instruction No. _____
7th Cir. Pattern Instruction 7.14
Withdrawn _____ Given _____ Given as Modified _____ Refused ___✓___

Plaintiff's _____:  Subjective Component of Deliberate Indifference to a Serious Medical Need

You may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.  Plaintiff does not need to establish that prison officials intended or desired the harm that transpired.

Submitted by:  <u>Plaintiff        </u>

No objection:  _____

Objection by:  _____

Objection sustained:  _____

Objection overruled:  _____

The credibility of a witness may be attacked by introducing evidence that the witness has been convicted of a crime.   Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

Defendants' No. 3
I.P.I. No. 3.05

Given _____
Given as Modified _____
Refused ___X___
Withdrawn _____

The credibility of a witness may be attacked by introducing evidence that the witness has been convicted of a crime.  Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

Obj. 4/29/13
Refused

Defendants' No. 3
I.P.I. No. 3.05

Given _____
Given as Modified _____
Refused ✓_____
Withdrawn _____

You must give separate consideration to each claim and each party in this case. Although there are three defendants, it does not follow that if one is liable, the others are also liable.

Defendants' No. 4
7th Cir. P. I. 1.25

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk of serious harm and that Defendant consciously disregarded this risk.

Defendant's Instruction No. _____
7th Cir. Pattern Instruction 7.14
Withdrawn _____ Given _____ Given as Modified _____ Refused _____

When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk of serious harm and that Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it. In deciding whether Defendant failed to take reasonable measures, you may consider whether it was practical for him to take corrective action.

Defendant's Instruction No. _____

7th Cir. Pattern Instruction 7.14

Withdrawn _____ Given _____ Given as Modified _____ Refused _____

The plaintiff's complaint consists of three counts. The issues to be decided by you under Count 1 of the complaint are as follows:

The plaintiff claims he was injured and sustained damage and that defendant Neisler violated plaintiff's rights under the Eighth Amendment of the Constitution of the United States to be free from cruel and unusual punishment by acting with deliberate indifference to plaintiff's safety in the following respect:

> By refusing to buckle plaintiff into the van with a seatbelt despite defendant Neisler's actual knowledge that plaintiff faced a substantial risk of serious harm and by driving in a manner which defendant Neisler knew would create a substantial risk of serious harm to the plaintiff.

The plaintiff further claims that one or both of the foregoing were a proximate cause of his injuries.

Defendant Neisler denies that he was deliberately indifferent to plaintiff's safety.

Turning now to Count 2 of the complaint, the issues to be decided by you under that Count are as follows:

The plaintiff claims he was injured and sustained damage and that defendant Clevenger violated the plaintiff's right under the Eighth Amendment to the Constitution of the United States to be free from cruel and unusual punishment by acting with deliberate indifference to plaintiff's serious medical needs in the following respect:

> By instructing an officer to ask plaintiff to leave the health care unit on March 27, 2009, and submit a sick call request despite actual knowledge that plaintiff faced a substantial risk of serious harm if plaintiff was not afforded prompt medical care.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

Defendant Clevenger denies acting with deliberate indifference to plaintiff's serious medical needs by refusing to obtain medical treatment for plaintiff on March 27, 2009.

Defendants Clevenger further denies that plaintiff was injured or sustained damages as a result of his conduct.

Turning now to Count 3 of the complaint, the issues to be decided by you under that Count are as follows:

The plaintiff claims he was injured and sustained damage and that defendant Obaisi violated the plaintiff's right under the Eighth Amendment to the Constitution of the United States to be free from cruel and unusual punishment by acting with deliberate indifference to plaintiff's serious medical needs in the following respect:

> By failing to respond to plaintiff's back pain with necessary treatment despite actual knowledge that plaintiff faced a substantial risk of serious harm.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

Defendant Obaisi denies acting with deliberate indifference to plaintiff's serious medical needs.

Defendants Obaisi further denies that plaintiff was injured or sustained damages as a result of his conduct.

Defendants' No. 5
I.P.I. No. 20.01 (modified), 20.01.01 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

To succeed on his claims in Count 1, plaintiff must prove each of the following things by a preponderance of the evidence:

First, that defendant Neisler intentionally acted in the manner claimed by plaintiff as stated to you in these instructions;

Second, that defendant Neisler knew that his conduct created a substantial risk of serious harm to the plaintiff;

Third, that in acting in the manner claimed by the plaintiff, defendant Neisler was deliberately indifferent to plaintiff's safety as that term is defined in these instructions; and

Fourth, that plaintiff suffered serious harm because of defendant Neisler's driving.

If you find that plaintiff has proved each of these things by a preponderance of the evidence, then you should find for plaintiff and against defendant Neisler, and go on to consider the question of damages.

If, on the other hand, you find that plaintiff has failed to prove any one of these things by a preponderance of the evidence as to defendant Neisler, then you should find for the defendant, and you will not consider the question of damages as to defendant Neisler.

Defendants' No. 6
7th Cir. P. I. 7.11 (modified)
*Brown v. Fortner,* 518 F.3d 552 (8th Cir. 2008)
*Farmer v. Brennan*, 511 U.S. 825 (1994)
*Duane v. Lane,* 959 F.2d 673, 676, (7th Cir. 1992)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

To succeed on his claims in Count 2, plaintiff must prove each of the following things by a preponderance of the evidence:

First, that the plaintiff had a serious medical need which required prompt medical attention;

Second, that defendant Clevenger had actual knowledge that the plaintiff suffered from a serious medical need and that the failure to obtain prompt medical care was likely to cause serious injury to plaintiff;

Third, that defendant Clevenger refused to obtain necessary medical care for the plaintiff;

Fourth, that defendant Clevenger's refusal to obtain medical care amounted to deliberate indifference to plaintiff's serious medical need, as those terms are defined in these instructions; and

Fifth, that plaintiff suffered serious injury because defendant Clevenger was deliberately indifferent to plaintiff's serious medical need.

If you find that plaintiff has proved each of these things by a preponderance of the evidence as to defendant Clevenger, then you should find for plaintiff and against the defendant, and go on to consider the question of damages.

If on the other hand, you find that plaintiff has failed to prove any one of these things by a preponderance of the evidence as to defendant Clevenger, then you should find for the defendant, and you will not consider the question of damages as to defendant Clevenger.

Defendants' No. 7
7th Cir. P. I. 7.12 (modified)
*Farmer v. Brennan*, 511 U.S. 825 (1994)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Deliberate indifference to a significant threat to an inmate's serious medical needs or safety by prison officials may constitute punishment prohibited by the Eighth Amendment to the Constitution of the United States.  When I use the term "deliberate indifference," I mean that a prison official had actual knowledge of a strong likelihood of serious harm to an inmate and consciously and culpably disregarded the excessive risk to the inmate's health or safety needs.  To be held liable, a defendant must know that he is creating a substantial risk of serious bodily harm.  The plaintiff has the burden of establishing both that the officer was aware of the facts from which the inference of a serious threat to plaintiff's health could be drawn, and that the officer did, in fact, draw this inference.  Negligence, or even gross negligence, on the part of a prison official is not a constitutional violation.

A "serious medical need" is a condition in which the denial of prompt medical care is sufficiently serious or painful that the refusal to provide treatment constitutes the denial of the minimal civilized measure of life's necessities.

Defendants' No. 9
*Farmer v. Brennan*, 511 U.S. 825 (1994)
*Billman v. Indiana Dept. of Corrections*, 56 F.3d 785 (7th Cir. 1995)
*Miller v. Neathery*, 52 F.3d 634 (7th Cir. 1995)
*Zarnes v. Rhodes*, 64 F.3d 285 (7th Cir. 1995)
*Hudson v. McMillian*, 503 U.S. 1, 9 (1992)                                    Given _____
*Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)      Given as Modified _____
*Gutierrez v. Peters*, 11 F. 3d 1354,1372 (7th Cir. 1997)              Refused _____
                                                                                        Withdrawn _____

To succeed on his claims in Count 3, plaintiff must prove each of the following things by a preponderance of the evidence:

First, that the plaintiff had a serious medical need;

Second, that defendant Obaisi had actual knowledge that the plaintiff suffered from a serious medical need requiring additional treatment and that the failure to provide additional treatment was likely to cause serious injury to plaintiff;

Third, that defendant Obaisi refused or delayed necessary medical care to the plaintiff;

Fourth, that defendant Obaisi's refusal to obtain necessary medical care amounted to deliberate indifference to plaintiff's serious medical need, as those terms are defined in these instructions; and

Fifth, that plaintiff suffered serious injury because defendant Obaisi was deliberately indifferent to plaintiff's serious medical need.

If you find that plaintiff has proved each of these things by a preponderance of the evidence as to defendant Obaisi, then you should find for plaintiff and against the defendant, and go on to consider the question of damages.

If on the other hand, you find that plaintiff has failed to prove any one of these things by a preponderance of the evidence as to defendant Obaisi, then you should find for the defendant, and you will not consider the question of damages as to defendant Obaisi.

Defendants' No. 8
7th Cir. P. I. 7.12 (modified)
*Farmer v. Brennan*, 511 U.S. 825 (1994)

Given _____
Given as Modified _____
Refused ✓ _____
Withdrawn _____

*resubmitted 4/24/13*

If you find in favor of plaintiff, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained the wrongful conduct of the defendants.  These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence.  Your award must be based on evidence and not speculation or guesswork.  This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following type of compensatory damages, and no others: The physical and mental/emotional pain and suffering that plaintiff has experienced.  No evidence of the dollar value of physical or mental/emotional pain and suffering standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate the plaintiff for the injury he has sustained.

Defendants' No. 16
7th Cir. P. I. 7.23 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find for plaintiff, you may, but are not required to, assess punitive damages against the defendant.  The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a defendant.  You may assess punitive damages only if you find that his conduct was in reckless disregard of plaintiff's rights.  An action is in reckless disregard of plaintiff's rights if taken with knowledge that it may violate the law.

Plaintiff must prove by a preponderance of the evidence that defendant acted in reckless disregard of plaintiff's rights as defined in these instructions.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party.  In determining the amount of any punitive damages, you should consider the following facts:

-       the reprehensibility of defendant's conduct;

-       the impact of defendant's conduct on plaintiff;

-       the relationship between plaintiff and defendant;

-       the likelihood that defendant would repeat the conduct if an award of punitive damages is not made;

-    the relationship of any award of punitive damages to the amount of actual

harm the plaintiff suffered.

Defendants' No. 17
7th Cir. P. I. 3.13 (modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Defendants' No. 18
7th Cir. P. I. 1.32

Given   _____
Given as Modified   _____
Refused   _____
Withdrawn   _____

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

NAIROBI D. STEPHENSON, #R52760,   )
                                        )
            Plaintiff,          )
                                          )
      vs.                     )      No. 10-3025
                                          )
C/O NIZLER, et al.,            )
                                          )
            Defendants.     )

### JURY VERDICT FORM - Count 1
### (Deliberate Indifference to Safety)

*Note: Each of the following paragraphs must be completed.*

On plaintiff Nairobi Stephenson's claim against defendant Myron Neisler, we find

in favor of:

_____

Plaintiff Nairobi Stephenson or Defendant Myron Neisler

*Note:  Complete the following paragraphs only if one or more of the above findings is in favor of plaintiff.  If you found in favor of a listed defendant, you must not assess damages against him.*

We assess compensatory damages against the following defendants:
*(stating the amount, or if you find that plaintiff's damages have no money value, set forth a nominal amount, such as $1.00).*

$_____  against Myron Neisler

*Note: You may not award punitive damages against a particular defendant unless you have first found against that particular defendant and you have awarded plaintiff compensatory damages.  State the amount, or, if none, write the word "none."*

We assess punitive damages, if any, against the following defendants:

$_____ against Myron Neisler


Foreperson: _____      _____

              _____      _____

              _____      _____

              _____      _____

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

NAIROBI D. STEPHENSON, #R52760,  )
             )
    Plaintiff,     )
             )
  vs.         )  No. 10-3025
             )
C/O NIZLER, et al.,    )
             )
    Defendants.  )

### <u>JURY VERDICT FORM - Count 2</u><br><u>(Deliberate Indifference to Serious Medical Need)</u>

*Note: Each of the following paragraphs must be completed.*

On plaintiff Nairobi Stephenson's claim against defendant Terry

Clevenger, we find in favor of:

_____
Plaintiff Nairobi Stephenson or Defendant Terry Clevenger

*Note:  Complete the following paragraphs only if one or more of the above findings is in favor of plaintiff.  If you found in favor of a listed defendant, you must not assess damages against him.*

We assess compensatory damages against the following defendants: *(stating the amount, or if you find that plaintiff's damages have no money value, set forth a nominal amount, such as $1.00).*

$_____ against Terry Clevenger

*Note: You may not award punitive damages against a particular defendant unless you have first found against that particular defendant and you have awarded plaintiff compensatory damages.  State the amount, or, if none, write the word "none."*

We assess punitive damages, if any, against the following defendant:

$_____ against Terry Clevenger

Foreperson: _____     _____

                    _____     _____

                    _____     _____

                    _____     _____

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

NAIROBI D. STEPHENSON, #R52760,          )
                                         )
              Plaintiff,                 )
                                         )
       vs.                               )        No. 10-3025
                                         )
C/O NIZLER, et al.,                      )
                                         )
              Defendants.                )

## JURY VERDICT FORM - Count 3
### (Deliberate Indifference to Serious Medical Need)

*Note: Each of the following paragraphs must be completed.*

On plaintiff Nairobi Stephenson's claim against defendant Saleh Obaisi,

we find in favor of:

_____
Plaintiff Nairobi Stephenson or Defendant Saleh Obaisi

*Note:  Complete the following paragraphs only if one or more of the above findings is in favor of plaintiff.  If you found in favor of a listed defendant, you must not assess damages against him.*

We assess compensatory damages against the following defendants: *(stating the amount, or if you find that plaintiff's damages have no money value, set forth a nominal amount, such as $1.00).*

$_____ against Saleh Obaisi

*Note: You may not award punitive damages against a particular defendant unless you have first found against that particular defendant and you have awarded plaintiff compensatory damages.  State the amount, or, if none, write the word "none."*

We assess punitive damages, if any, against the following defendant:

$_____ against Saleh Obaisi

Foreperson: _____     _____

                    _____     _____

                    _____     _____

                    _____     _____

Inmates have the ability to file lawsuits against
correctional officers
for negligent operation of a motor vehicle and

against doctors for medical malpractice.


Defendants' #100
Obj refused